**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **EVS CODEC TECHNOLOGIES, LLC**, and **SAINT LAWRENCE COMMUNICATIONS, LLC,** <br><br> Plaintiffs <br><br> v. <br><br> **HUAWEI DEVICE USA, INC.**, **HUAWEI DEVICE (SHENZHEN) CO., LTD.**, and **HUAWEI DEVICE (DONGGUAN) CO., LTD.**, <br><br> Defendants. | **No. 2:18-cv-346-JRG** <br><br> Jury Trial Demanded |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants, Huawei Device USA, Inc., Huawei Device (Shenzhen) Co., Ltd., and

Huawei Device Co., Ltd. (formerly known as Huawei Device (Dongguan) Co., Ltd.)

(collectively "Huawei"), by and through the undersigned counsel, hereby Answer and assert

Affirmative Defenses to Plaintiffs' Second Amended Complaint for Patent Infringement (Dkt

No. 37, the "Complaint") filed by EVS Codec Technologies, LLC ("ECT") and Saint Lawrence

Communications, LLC ("SLC") (collectively "Plaintiffs"). Huawei denies all allegations except

those specifically admitted.

**THE PARTIES**

1.      Huawei lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of the Complaint and therefore denies those

allegations.

2.      Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies those allegations.

3.      Huawei admits that Huawei Device USA, Inc. is a Texas corporation with a principle place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024.  Huawei denies that its principle place of business is at Suite 300 of the foregoing street address.  Huawei admits that Huawei Device USA, Inc. can be served with process through its registered agent CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

4.      Huawei admits that Huawei Device (Shenzhen) Co., Ltd., is a Chinese limited liability company with a principle place of business at Building 2, Section B, Huawei Industrial Base, Bantian, Longgang District, Shenzhen, Guangdong, 518129 P.R.C.

5.      Huawei admits that Huawei Device Co., Ltd. is a Chinese limited liability company that previously was named Huawei Device (Dongguan) Co., Ltd. and has a principle place of business at B2-5 of Nanfang Factory, No.2 of Xincheng Road, Songshan Lake Science and Technology Industrial Zone, Dongguan, Guangdong, 523000 P.R.C.

## JURISDICTION AND VENUE

6.      Huawei admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7.      Huawei admits that Huawei Device USA, Inc. is in the business of supplying mobile devices, such as smartphones and tablets, in the United States.  Huawei denies all other allegations of paragraph 7 of the Complaint.

8.      Huawei admits that Huawei Device USA, Inc. is incorporated in and conducts business in Texas.  The remaining allegations of this paragraph state legal conclusions, to which

a response is not required.  To the extent that a response is required, Huawei denies all remaining allegations and specifically denies that it has committed any acts of infringement that form the purported basis for Plaintiffs' causes of action.

9.      Huawei admits that it has made, used, sold, offered for sale, and/or imported mobile phones and tablets and/or has placed the same into the stream of commerce.  Huawei denies all remaining allegations of paragraph 9 and specifically denies that it has committed any acts of infringement that form the purported basis for Plaintiff's causes of action.

10.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that are available for purchase by consumers in Texas, including within this judicial district.

11.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, or imported into the United States products that are accused of infringement in the Complaint and that such products have been sold, offered for sale, and/or used in this judicial district.  Huawei denies all remaining allegations of paragraph 11.

12.     Huawei admits that Huawei Device USA, Inc. sells products in this judicial district that are accused of infringement in the Complaint.  Huawei denies that Huawei Device (Shenzhen) Co., Ltd. or Huawei Device Co., Ltd. sell products in this judicial district.

13.     Huawei admits that Huawei Device USA, Inc. is subject to personal jurisdiction in Texas and in this judicial district.

14.     For purposes of this civil action only, and without waiving any rights to object to, or otherwise challenge, jurisdiction in other actions, Huawei responds that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. do not contest—and thus voluntarily consent

to—the Court's jurisdiction over them for purposes of this civil action.  Huawei denies all remaining allegations of paragraph 14.

15.     Huawei admits that Huawei Device USA, Ind. is subject to personal jurisdiction in Texas and in this judicial district.  For purposes of this civil action only, and without waiving any rights to object to, or otherwise challenge, jurisdiction in other actions, Huawei responds that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. do not contest—and thus voluntarly consent to—the Court's jurisdiction over them for purposes of this civil action. Huawei denies all remaining allegations of paragraph 15.

16.     Huawei admits that Huawei Device USA, Inc. is incorporated in Texas and has its principal place of business within this judicial district.  Huawei admits that Huawei Device USA, Ind. is subject to personal jurisdiction in Texas and in this judicial district.  For purposes of this civil action only, and without waiving any rights to object to, or otherwise challenge, jurisdiction in other actions, Huawei responds that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. do not contest—and thus voluntarily consent to—the Court's jurisdiction over them for purposes of this civil action.  Huawei denies all remaining allegations of paragraph 16.

17.     Huawei admits that Huawei Device USA, Inc. is incorporated in Texas and has its principal place of business within this judicial district.  Huawei admits that Huawei Device USA, Ind. is subject to personal jurisdiction in Texas and in this judicial district.  For purposes of this civil action only, and without waiving any rights to object to, or otherwise challenge, jurisdiction in other actions, Huawei responds that Huawei Device (Shenzhen) Co., Ltd. and Huawei Device Co., Ltd. do not contest—and thus voluntarily consent to—the Court's jurisdiction over them for purposes of this civil action.  Huawei denies all remaining allegations of paragraph 17.

18.     Admitted.

4

19.     Admitted.

20.     Admitted.

21.     Huawei admits that Huawei Device USA, Inc. has done business in this District.

Huawei denies all remaining allegations of paragraph 21 and specifically denies that it has

committed any acts of infringement that form the purported basis for Plaintiff's causes of action.

## SUMMARY

22.     Huawei admits that, on its face, each of the Patents-in-Suit identifies VoiceAge

Corporation ("VoiceAge") as the original assignee.  Huawei lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 22, and

therefore denies them.

23.     Huawei admits that Enhanced Voice Services ("EVS") Codec is a standard

pertaining to voice quality, network capacity and voice services over Long Term Evolution

("LTE" or "4G") networks.  Huawei admits that EVS Codec was designed to meet the demands

of packet-switched mobile communications networks and was developed and standardized under

the lead of the 3GPP Codec Working Group, 3GPP TSG SA WG4.  Huawei lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph

23, and therefore denies them.

24.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 24, and therefore denies them.

25.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 25, and therefore denies them.

26.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 26, and therefore denies them.

27.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

29.     Huawei admits that it is aware of EVS and that a Huawei corporate entity published a paper titled "Full HD Voice" on October 2014 ("Huawei Paper").

30.     Huawei admits that the Huawei Paper contains the passages quoted in paragraph 30.

31.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33.     Huawei admits that, on its face, each of the Patents-in-Suit was assigned to VoiceAge. Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34.     Huawei admits that prior litigation involved the Patents-in-Suit.  But Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 regarding what "This Court is familiar with", and therefore denies them.

35.     Huawei admits that there exists a civil matter captioned *Saint Lawrence Communications LLC v. Motorola Mobility LLC*, No. 2:15-cv-351-JRG (E.D. Texas).  But Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35, and therefore denies them.

36.     Admitted.

37.     Huawei admits that it was aware of the Patents-in-Suit before the filing of the Complaint through prior interactions with, and knowledge of certain actions involving, St. Lawrence Communications, LLC and/or its affiliate.  Huawei denies the remaining allegations of paragraph 37.

38.     Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them.

39.     Denied.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,795,805

40.     Huawei admits that, on its face, the '805 Patent was issued on September 21, 2004 and is titled "Periodicity Enhancement in Decoding Wideband Signals."  Huawei denies that it has infringed the '805 patent or injured ECT.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore denies them.

41.     Huawei admits that it had notice of the '805 Patent before Plaintiff began this civil action.  Huawei denies the remaining allegations of paragraph 41.

42.     Denied.

43.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 43.

44.     Huawei responds that the phrase "practices and/or is capable of practicing the '805 Patent" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '805 patent.  Huawei denies the allegations of paragraph 44.

45.     Huawei responds that the phrase "practices and/or is capable of practicing at least representative claim 3 of U.S. Patent No. 6,795,805" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '805 patent.  Huawei denies the allegations of paragraph 45.

46.     Huawei admits that this paragraph contains a purported characterization of claim 3 of the '805 Patent.  Huawei further responds that Paragraph 46 contains terms found in claim 3 of the '805 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46, and therefore denies them.

47.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei further responds that Paragraph 47 contains terms found in claim 3 of the '805 Patent that the Court may construe as a matter of law.  Huawei denies the remaining allegations paragraph 47.

48.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 48.

49.     Huawei admits that paragraph 49 contains purported characterizations of a part of 3GPP Technical Specification ("3GPP TS").  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 and therefore denies them.

50.     Huawei admits that paragraph 50 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 50 contains terms found in claim 3 of the

'805 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50, and therefore denies them.

51.    Huawei admits that paragraph 51 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 51 contains terms found in claim 3 of the '805 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51, and therefore denies them.

52.    Huawei admits that paragraph 52 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 52 contains terms found in claim 3 of the '805 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52, and therefore denies them.

53.    Denied.

54.    Denied.

55.    Denied.

## COUNT II: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,807,524

56.    Huawei admits that, on its face, the '524 Patent was issued on October 19, 2004 and is titled "Perceptual Weighting Device and Method for Efficient Coding of Wideband Signals." Huawei denies that it has infringed the '524 patent or injured ECT.   Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56, and therefore denies them.

57.     Huawei admits that it had notice of the '524 Patent before Plaintiff began this civil action.  Huawei denies the remaining allegations of paragraph 57.

58.     Denied.

59.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 59.

60.     Huawei responds that the phrase "practices and/or is capable of practicing the '524 Patent" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '524 patent.  Huawei denies the allegations of paragraph 60.

61.     Huawei responds that the phrase "practices and/or is capable of practicing at least representative claim 4 of U.S. Patent No. 6,807,524" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '524 patent.  Huawei denies the allegations of paragraph 61.

62.     Huawei admits that paragraph 62 contains a purported characterization of claim 4 of the '524 Patent.  Huawei further responds that Paragraph 62 contains terms found in claim 4 of the '524 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62, and therefore denies them.

63.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei further responds that Paragraph 63 contains terms found in claim 4 of the

'524 Patent that the Court may construe as a matter of law.  Huawei denies the remaining allegations paragraph 63.

64.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 64.

65.     Huawei admits that paragraph 65 contains purported characterizations of a part of 3GPP Technical Specification ("3GPP TS").  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and therefore denies them.

66.     Huawei admits that paragraph 66 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 66 contains terms found in claim 4 of the '524 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66, and therefore denies them.

67.     Huawei admits that paragraph 67 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 67 contains terms found in claim 4 of the '524 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67, and therefore denies them.

68.     Huawei admits that paragraph 68 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 68 contains terms found in claim 4 of the '524 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 68, and therefore denies them.

69.     Huawei admits that paragraph 69 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 69 contains terms found in claim 4 of the '524 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 69, and therefore denies them.

70.     Denied.

71.     Denied.

72.     Denied.

## COUNT III: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,151,802

73.     Huawei admits that, on its face, the '802 Patent was issued on December 19, 2006 and is titled "High Frequency Content Recovering Method and Device for Over-Sampled Synthesized Wideband Signal."  Huawei denies that it has infringed the '802 patent or injured ECT.   Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 and therefore denies them.

74.     Huawei admits that it had notice of the '802 Patent before Plaintiff began this civil action.  Huawei denies the remaining allegations of paragraph 74.

75.     Denied.

76.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 76.

77.     Huawei responds that the phrase "practices and/or is capable of practicing the '802 Patent" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '802 patent.  Huawei denies the allegations of paragraph 77.

78.     Huawei responds that the phrase "practices and/or is capable of practicing at least representative claim 1 of U.S. Patent No. 7,151,802" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '802 patent.  Huawei denies the allegations of paragraph 78.

79.     Huawei admits that paragraph 79 contains a purported characterization of claim 1 of the '802 Patent.  Huawei further responds that Paragraph 79 contains terms found in claim 1 of the '802 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79, and therefore denies them.

80.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei further responds that Paragraph 80 contains terms found in claim 1 of the '802 Patent that the Court may construe as a matter of law.  Huawei denies the remaining allegations paragraph 80.

81.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 81.

82.     Huawei admits that paragraph 82 contains purported characterizations of a part of 3GPP Technical Specification ("3GPP TS").  Huawei lacks knowledge or information sufficient

13

to form a belief as to the truth of the remaining allegations of paragraph 82 and therefore denies them.

83.     Huawei admits that paragraph 83 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 83 contains terms found in claim 1 of the '802 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 83, and therefore denies them.

84.     Huawei admits that paragraph 84 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 84 contains terms found in claim 1 of the '802 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 84, and therefore denies them.

85.     Huawei admits that paragraph 85 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 85 contains terms found in claim 1 of the '802 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 85, and therefore denies them.

86.     Denied.

87.     Denied.

88.     Denied.

## COUNT IV: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,260,521

89.     Huawei admits that, on its face, the '521 Patent was issued on August 21, 2007 and is titled "Method and Device for Adaptive Bandwidth Pitch Search in Coding Wideband

Signals."  Huawei denies that it has infringed the '521 patent or injured ECT.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 89, and therefore denies them.

90.     Huawei admits that it had notice of the '521 Patent before Plaintiff began this civil action.  Huawei denies the remaining allegations of paragraph 90.

91.     Denied.

92.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 92.

93.     Huawei responds that the phrase "practices and/or is capable of practicing the '521 Patent" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '521 patent.  Huawei denies the allegations of paragraph 92.

94.     Huawei responds that the phrase "practices and/or is capable of practicing at least representative claim 2 of U.S. Patent No. 7,260,521" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '521 patent.  Huawei denies the allegations of paragraph 94.

95.     Huawei admits that paragraph 95 contains a purported characterization of claim 2 of the '521 Patent.  Huawei further responds that Paragraph 95 contains terms found in claim 2 of the '521 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95, and therefore denies them.

96.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei further responds that Paragraph 96 contains terms found in claim 2 of the '521 Patent that the Court may construe as a matter of law.  Huawei denies the remaining allegations paragraph 96.

97.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 97.

98.     Huawei admits that paragraph 98 contains purported characterizations of a part of 3GPP Technical Specification ("3GPP TS").  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 98 and therefore denies them.

99.     Huawei admits that paragraph 99 contains purported characterizations of a part of 3GPP TS.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 99, and therefore denies them.

100.     Huawei admits that paragraph 100 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 100 contains terms found in claim 2 of the '521 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100, and therefore denies them.

101.     Huawei admits that paragraph 101 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 101 contains terms found in claim 2 of the '521 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101, and therefore denies them.

102.    Huawei admits that paragraph 102 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 102 contains terms found in claim 2 of the '521 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 102, and therefore denies them.

103.    Huawei admits that paragraph 103 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 103 contains terms found in claim 2 of the '521 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 103, and therefore denies them.

104.    Huawei admits that paragraph 104 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 104 contains terms found in claim 2 of the '521 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 104, and therefore denies them.

105.    Denied.

106.    Denied.

107.    Denied.

## COUNT V: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,191,123

108.    Huawei admits that, on its face, the '123 Patent was issued on March 13, 2007 and is titled "Gain-Smoothing in Wideband Speech and Audio Signal Decoder." Huawei denies

that it has infringed the '123 patent or injured ECT.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 108, and therefore denies them.

109.    Huawei admits that it had notice of the '123 Patent before Plaintiff began this civil action.  Huawei denies the remaining allegations of paragraph 109.

110.    Denied.

111.    Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 111.

112.    Huawei responds that the phrase "practices and/or is capable of practicing the '123 Patent" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '123 patent.  Huawei denies the allegations of paragraph 112.

113.    Huawei responds that the phrase "practices and/or is capable of practicing at least representative claim 102 of U.S. Patent No. 7,191,123" implicates a question of fact to be decided by the Court or a jury, and may require judicial construction of certain terms contained in asserted claims of the '123 patent.  Huawei denies the allegations of paragraph 113.

114.    Huawei admits that paragraph 114 contains a purported characterization of claim 102 of the '123 Patent.  Huawei further responds that Paragraph 114 contains terms found in claim 102 of the '123 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113, and therefore denies them.

115.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei further responds that Paragraph 115 contains terms found in claim 102 of the '123 Patent that the Court may construe as a matter of law.  Huawei denies the remaining allegations paragraph 115.

116.     Huawei admits that Huawei Device USA, Inc. has sold, offered to sell, and/or imported into the United States certain products that implement at least some portions of the EVS standard.  Huawei denies the remaining allegations of paragraph 116.

117.     Huawei admits that paragraph 117 contains purported characterizations of a part of 3GPP Technical Specification ("3GPP TS").  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 117 and therefore denies them.

118.     Huawei admits that paragraph 118 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 118 contains terms found in claim 102 of the '123 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 118, and therefore denies them.

119.     Huawei admits that paragraph 119 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 119 contains terms found in claim 102 of the '123 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 119, and therefore denies them.

120.    Huawei admits that paragraph 120 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 120 contains terms found in claim 102 of the '123 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 120, and therefore denies them.

121.    Huawei admits that paragraph 121 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 121 contains terms found in claim 102 of the '123 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 121, and therefore denies them.

122.    Huawei admits that paragraph 122 contains purported characterizations of a part of 3GPP TS.  Huawei further responds that Paragraph 122 contains terms found in claim 102 of the '123 Patent that the Court may construe as a matter of law.  Huawei lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 122, and therefore denies them.

123.    Denied.

124.    Denied.

125.    Denied.

## PLAINTIFF'S JURY DEMAND

126.    Paragraph 126 of the Complaint is Plaintiff's jury demand, to which no response is required from Huawei.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Huawei denies that Plaintiff is entitled to any of the relief sought in its Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Huawei does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, either in whole or in part.  For its Affirmative Defenses to Plaintiff's allegations in the Complaint, Huawei alleges the following:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Patent Infringement)

2.      Huawei has not infringed and is not infringing any valid and enforceable claim of any of the Patents-in-Suit, either literally, under the doctrine of equivalents, directly, or indirectly.

## THIRD AFFIRMATIVE DEFENSE

### (Patent Invalidity)

3.      Each asserted claim of the Patents-in-Suit is invalid and/or unenforceable for failing to meet one or more of the requisite conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

4.     To the extent that Plaintiffs, any alleged predecessors in interest to the Patents-in-Suit, and any and all licensees of the Patents-in-Suit failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Huawei's actions allegedly infringed the Patents-in-Suit, Huawei is not liable to Plaintiffs for the acts alleged to have been performed before Huawei received actual notice that Huawei was allegedly infringing the Patents-in-Suit.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

5.     Plaintiffs' claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

6.     Plaintiffs' claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Patents-in-Suit.

## SEVENTH AFFIRMATIVE DEFENSE

### (Divided Infringement)

7.     Claims in the Patents-in-Suit require actions by multiple parties in order to infringe the recited methods.  Huawei has not and does not perform every element of such method claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation of Liability for Indirect Infringement)

8.      To the extent that Plaintiff asserts that Huawei indirectly infringes the asserted patents, either by contributory infringement or inducement of infringement, Huawei is not liable for acts alleged to have been performed before Huawei had knowledge of the claims and/or could form the intent to cause infringement.

## NINTH AFFIRMATIVE DEFENSE

### (License)

9.      Huawei's activities that are accused of infringement are licensed under the Patents-in-Suit.

## TENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

10.     On information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, patent misuse, and/or unclean hands.  On information and belief, VoiceAge Corporation ("VoiceAge") was involved with ETSI standard-setting activities at least as early as 1999, and was obligated under ETSI's IPR policy to disclose the Patents-in-Suit (or pending applications) to ETSI during selection of the standard for AMR-Wideband.  The Canadian patent application that the '805, '524, '802, and '521 patents claim priority to was filed on October 27, 1998. The Canadian patent application that the '123 patent claims priority to was filed on November 18, 1999.  AMR-WB was adopted as a standard in March 2001.  On information and belief, even though VoiceAge was involved in the standard-setting process, VoiceAge did not disclose to ETSI the applications that led to the Patents-in-Suit until May 2001.

## RESERVATION OF ADDITIONAL DEFENSES

11. Huawei reserves any and all additional defenses available as may be discovered.

## HUAWEI'S DEMAND FOR JURY TRIAL

Huawei hereby demands a trial by jury on all issues to triable in this action.

## HUAWEI'S PRAYER FOR RELIEF

WHEREFORE, Huawei prays for the following relief:

A.  That Plaintiffs' claims against Huawei be dismissed with prejudice and that Plaintiff take

nothing by way of its Second Amended Complaint;

B.  That Huawei has not infringed, and is not infringing, any valid and enforceable claim of the

Patents-in-Suit;

C.  That the asserted claims of the Patents-in-Suit are invalid;

D.  That judgment be rendered in favor of Huawei;

E.  For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding Huawei

its reasonable attorneys' fees;

F.  That Huawei be awarded its costs incurred in this action; and

G.  For such other and further relief as the Court deems just and proper.

Dated:  April 5, 2019                              Respectfully submitted,


                                                  By:  */s/ Steven M. Geiszler*
                                                       Steven M. Geiszler
                                                       Texas Bar No. 24032227
                                                       FUTUREWEI TECHNOLOGIES, INC.
                                                       5700 Tennyson Parkway, Suite 600
                                                       Plano, Texas  75024
                                                       Telephone:  (214) 728.4735
                                                       steven.geiszler@huawei.com

                                                       Michael C. Smith
                                                       Texas Bar No. 18650410
                                                       Siebman, Forrest, Burg & Smith, LLP
                                                       113 E. Austin Street
                                                       Marshall, Texas  75671
                                                       (903) 938-8900
                                                       michaelsmith@siebman.com

                                                       *Counsel for Defendants*
                                                       *Huawei Device USA, Inc.,*
                                                       *Huawei Device (Shenzhen) Co., Ltd., and*
                                                       *Huawei Device Co., Ltd.*


## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 5, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


                                                  */s/ Steven M. Geiszler*
                                                  Steven M. Geiszler